**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF MISSISSIPPI  
DELTA DIVISION**

**MICHAEL HAYES (# T7202)**  PETITIONER

v.  No. 2:05CV255-M-A

**WARDEN ANDERSON, ET AL.**  RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Michael Hayes for a writ of *habeas corpus under* 28 U.S.C. § 2254. The state has answered the petition; the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed.

**Facts and Procedural Posture**

The petitioner is in the custody of the Mississippi Department of Corrections and currently housed at the East Mississippi Correctional Facility. He was convicted of murder (Count One) and possession of a firearm by a convicted felon (Count Two) after a jury trial in the Circuit Court of Bolivar County, Mississippi, Second Judicial District. On June 6, 2003, the petitioner was sentenced to life on Count One and three years on Count Two, to be served concurrently in the custody of the Mississippi Department of Corrections – and consecutively to any previous sentences imposed. State Court Record, ("S.C.R."), Vol. 1, pp. 48-49.

On January 28, 2004, the petitioner appealed this decision to the Mississippi Court of Appeals, alleging that the trial court erred in denying the petitioner's Motion for Directed Verdict. On February 8, 2005, the Court of Appeals affirmed the conviction, holding that the conviction was supported by the evidence. *Hayes v. State*, 907 So. 2d 385 (Miss. App. 2005),

*reh'g denied* April 19, 2005, *cert. denied* July 21, 2005 (Cause No. 2003-KA-01577-COA).

On October 14, 2005, the petitioner filed an "Application for Leave to Proceed in the Trial Court" ("PCR") with the Mississippi Supreme Court seeking permission to file a motion for post-conviction relief, assigning as error two allegations of ineffective assistance of counsel. The petitioner claimed that his attorney failed to inform him of a plea offer and to offer applicable jury instructions on the lesser offense of manslaughter. On October 27, 2005, the Mississippi Supreme Court denied the petitioner's application for post-conviction relief, holding that these claims were unsupported by the evidence.

In the instant federal petition for a writ of *habeas corpus*, Hayes raises three grounds for relief. The attached memorandum of law, however, includes an additional ground and various arguments which would seem to apply to the grounds listed in the petition itself. In the interest of brevity and clarity, the court has consolidated these arguments into four grounds:

> **Ground One:** The trial court committed error in denying Hayes' motion for directed verdict because the prosecution failed to prove its case against Hayes, the verdict was against the overwhelming weight of the evidence, and the verdict "evidences bias and prejudice against the appellant and was based solely upon suspicion and speculation."
>
> **Ground Two:** Ineffective assistance of counsel based on Hayes' attorney's failure to submit specific jury instructions.
>
> **Ground Three:** Ineffective assistance of counsel based on Hayes' attorney's failure to inform Hayes of a plea offer.
>
> **Ground Four:** Ineffective assistance of counsel based on Hayes' attorney's failure to "make Petitioner aware of relevant circumstances and likely consequences of going to trial."

## All Grounds Denied on the Merits in State Court

The Mississippi Supreme Court has already considered all grounds in this petition on the merits and decided them against the petitioner. These claims are therefore barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One through Four of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if the facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One: Sufficiency of the Evidence

In Ground One, the petitioner argues that the trial court erred in denying his motion for directed verdict. Within this ground, he makes several arguments challenging the sufficiency of the evidence presented at trial. A challenge to the sufficiency of the evidence can support a claim for *habeas corpus* relief only if the evidence, when viewed in the light most favorable to the State, is such that no reasonable fact finder "could have found the essential elements of the crime

beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Marler v. Blackburn*, 777 F.2d 1007, 1011 (5th Cir. 1985). This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). Under this standard, the trier of fact may find the evidence sufficient to support a conviction even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

> The Mississippi Court of Appeals considered this argument and held:
>
> In the case at bar it cannot be said that Hayes's version of the shooting is not "substantially contradicted in material particulars by the physical evidence or by the facts." First, Dr. Steven Haynes, who performed an autopsy on Richardson's body testified that the shooter had to be standing at almost a ninety degree angle from Richardson. This was contrary to Hayes's testimony which implicitly placed him and Richardson face to face. According to Dr. Haynes, four bullets struck Richardson's body. One bullet struck Richardson in the lower, left midlateral back on the far left side. Another bullet struck Richardson on the shin. A third bullet wound was located over the back of Richardson's left arm. A fourth bullet wound was located just beneath the third bullet wound. The bullet causing the fourth wound existed [*sic*] the front of the left arm and then struck Richardson in the back.
>
> Charles Coleman, one of the State's witnesses, testified that Hayes came to his house and told him about the fight with Richardson. Coleman also testified that Hayes was angry about the fight with Richardson and was waving a gun around threatening to get even with Richardson.
>
> Hayes himself gave contradictory testimony. For example, on direct examination, he testified that he walked from Renova to Byrd's Trailer Park and retrieved the murder weapon, but on cross-examination, he denied having said that he walked from Renova to Byrd's Trailer Park. He repeatedly denied making several statements that he had just made on direct examination. He also admitted during cross-examination that he lied when he was interrogated by the police. Thus, Hayes's contention, that his verison of the event must be accepted as true, finds no support in our jurisprudence.

*Hayes v. State*, 907 So. 2d at 387-388.

Hayes also claims that the verdict was against the overwhelming weight of the evidence and that the prosecution failed to prove their case beyond a reasonable doubt. The Mississippi Court of Appeals also considered this issue:

> The State produced witnesses who testified that Hayes had a gun in his possession before the shooting and that Hayes was angry and desired to get even with Richardson. In the instant case the jury heard Hayes's testimony, inconsistencies and all, and did not believe that Hayes possessed a reasonable apprehension of great bodily harm at the hands of Richardson which would justify shooting in self-defense. It is the jury's duty to determine the reasonableness of the ground upon which the defendant acts and whether the defendant acted in self-defense. (citations omitted).
>
> The trial judge properly denied Hayes's motion for a JNOV or, in the alternative, for a new trial. On this record it cannot be said that reasonable and fair-minded persons could only find Hayes not guilty or that allowing the verdict to stand will sanction and unconscionable injustice.

*Id*. at 388.

The Mississippi Court of Appeals arrived at a reasonable conclusion based upon the facts in the record. The state presented twelve witnesses, including many of the petitioner's relatives. Each witness provided testimony supporting the prosecution's theory of the case. The petitioner's attorney could not rebut the weight of this evidence, despite vigorous cross-examination calculated to attack the credibility of the witnesses. Indeed, the petitioner gave testimony that hurt his own credibility. Clearly, this decision was not contrary to, nor did it involve an unreasonable application of clearly established federal law. Neither was this decision based on an unreasonable determination of the facts in light of the evidence presented at trial. As such, the petitioner's claims in Ground One shall be dismissed.

### Grounds Two, Three, and Four: Ineffective Assistance of Counsel

In Grounds Two, Three and Four, Hayes alleges that he was denied the effective assistance of counsel. To merit *habeas corpus* relief on a claim of ineffective assistance of counsel, a

petitioner must prove two elements: (1) constitutionally deficient performance by counsel, and (2) and actual prejudice as a result of the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984)*, Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must examine an attorney's actions based upon his knowledge of the case at the time, not with the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988), *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Finally, there is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). Mere allegations are insufficient to establish prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986).

In Ground Two, the petitioner alleges that his counsel was ineffective for failing to submit two specific jury instructions:

(1) The court instructs the jury that if you believe from the evidence in this case, beyond a reasonable doubt that the petitioner shot and killed the deceased at a time when he knew the act was wrong, in the heat of passion, without malice and authority of law, and not unnecessary self-defense, then he is guilty of manslaughter and the jury so find and the form of their verdict should be: "We the jury find the defendant guilty of manslaughter."

(2) The court instructs the jury that if they believe from the evidence that at the time of the shooting the mind of the petitioner from any cause was in such a condition as to be incapable of forming a premeditated design or deliberating [fully], then the petitioner is not guilty of murder.

"Petition for Writ of Habeas Corpus and Supporting Memorandum" pg. 37.

The petitioner claims that these jury instructions should have been given because several hours before the shooting he had been humiliated by the defendant and thus the jury should have been made aware of his state of mind. He argues that his situation is similar to the defendant in *Manual v. State*, 667 So. 2d 590 (Miss. 1995), who was entitled to a self-defense instruction when she was attacked by a larger, yet unarmed, assailant. The petitioner claims that a manslaughter instruction was applicable either under a "heat of passion"[1] or "resisting attack theory."[2] However, under MISS. CODE ANN. § 99-19-5, such instructions may only be given when the evidence presented at trial justifies such a finding:

---

[1]MISS. CODE ANN. § 97-3-35 reads:

The killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter.

[2]MISS. CODE ANN. § 97-3-31 reads:

Every person who shall unnecessarily kill another, either while resisting an attempt by such other person to commit a felony, or to do any unlawful act, or after such attempt shall have failed, shall be guilty of manslaughter.

> For purposes of this section, manslaughter shall be considered a lesser included offense of murder and capital murder, and the jury may be properly instructed thereon, upon request of either party or upon the court's own motion, in any case in which the giving of such an instruction would be justified by the proof, consistent with the wording of the applicable manslaughter statute.

The evidence in the petitioner's trial did not warrant such an instruction. Various witnesses throughout the trial – including the petitioner himself – testified that several hours had passed after the initial confrontation between the petitioner and his victim; only then did the petitioner return to the trailer park with the gun. Trial Transcript, S.C.R., Vols. 2 and 3. In addition, the petitioner had traveled from Renova, Mississippi to Cleveland, Mississippi in order to locate his victim. The length of time involved and the petitioner's effort to track down his victim negate the finding of immediacy necessary to warrant a "heat of passion" instruction. In addition, the evidence presented did not support the petitioner's claim that he was resisting an attack from Richardson, the victim. The petitioner alleged that he was facing Richardson; then Richardson pointed at the petitioner and reached behind himself in a manner consistent with reaching for a gun. The ballistics evidence, however, showed that in all probability Richardson was attempting to climb the stairs to enter his trailer when he was shot from behind. S.C.R., Vol. 2, pp.103-104. The petitioner was thus not entitled to a jury instruction on manslaughter. Therefore, the petitioner's counsel cannot be taken to task for his decision not to proffer such an instruction.

Counsel did, however, submit jury instructions regarding the petitioner's claim that he was in fear for his life at the time of the shooting because he believed that Richardson was reaching for a gun. Indeed, jury instruction D-2 and D-3 were given – allowing for a finding of acquittal base upon a theory of self-defense. S.C.R., Vol. 1, pp. 32-33. Further, jury instruction S-1 was

modified to reflect the fact that, in order to convict for murder, the jury must find that Hayes did not kill "in necessary self-defense." S.C.R., Vol. 1, pg. 31. As a result, although the jury was not given the option of convicting the petitioner of manslaughter, it was presented with the option of acquitting him based upon self-defense. The jury simply did not believe the self-defense theory.

Finally, the Mississippi Supreme Court considered this claim during the petitioner's pursuit of post-conviction relief and rejected the arguments:

> In his second claim, Hayes asserts that his attorney should have offered instructions on the lesser offense of manslaughter. A review of the record reveals no evidentiary predicate for a manslaughter instruction. Therefore, the panel finds that Hayes' claim of ineffective assistance of counsel does not pass *Strickland* and that his application for leave should be denied.

This decision was not contrary to, nor did it involve an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States. Neither was the decision based on an unreasonable determination of the facts in light of the evidence presented at trial. Thus, the petitioner's claim in Ground Two shall be denied.

In Ground Three, the petitioner alleges that his attorney was ineffective because he failed to inform the petitioner of a plea offer which would have carried a lesser sentence. In support of his argument, the petitioner has attached affidavits from himself, family members and a friend stating that had he been offered a plea, he would have accepted it. He also includes a "Historical Analysis" stating that "99% of all cases involve a plea offer first hand." However, the petitioner fails to allege any specific facts which would indicate that a plea offer was actually made in this case. On the contrary, nothing in the record shows that the prosecution made a plea offer to the petitioner. The Mississippi Supreme Court held:

> In his first claim, Hayes asserts that the prosecutor offered a plea bargain, which Hayes' trial counsel failed to convey. Hayes further asserts that he would have accepted the offer had he known about it. After careful review, the panel finds Hayes' claim to be unsupported and does not pass the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

This decision was not contrary to, nor did it involve an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States. Neither was this decision based on an unreasonable determination of the facts in light of the evidence presented at trial. Furthermore, conclusory claims are not appropriate for consideration in a federal *habeas corpus* proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983), *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992). As such, *habeas corpus* relief shall be denied for Ground Three.

In Ground Four, the petitioner alleges that his counsel was ineffective because he failed to apprise the petitioner of "relevant circumstances and likely consequences of going to trial." Specifically, the petitioner claims that he was unaware of the fact that the jury would have the option to believe Dr. Haynes' testimony as to the position of the victim at the time of the shooting or that the state's witnesses would testify that Hayes had a gun in his possession and was angry at Richardson prior to the shooting. Hayes seems to be arguing that had he known that the prosecution had such a strong case against him, he would have chosen to plead guilty. However, as stated above, there is no evidence to show that a plea offer was ever made. As such, had defense counsel failed to adequately apprise Hayes of the evidence against him, the petitioner cannot demonstrate actual prejudice to his legal position. Thus, the Mississippi Supreme Court's decision was not contrary to, nor did it involve an unreasonable application of clearly established Federal law. Further, the decision was based on a reasonable determination of the facts in light of

the evidence presented at trial. For these reasons, the petitioner's claim in Ground Four shall be dismissed.

In sum, all of the grounds set forth in the current petition for a writ of *habeas corpus* shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 2nd day of May, 2007.

                                            **/s/ Michael P. Mills**
                                            **UNITED STATES DISTRICT JUDGE**